# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 4737 | DATE | DEC 14 2000 |
| CASE TITLE | Evelyn Szymanski vs. County of Cook et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Defendants' Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss [#5].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | DEC 1 5 2000 | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 16 |
| | Mail AO 450 form. | FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | 00 DEC 14 PM 6: 04 | date mailed notice | |
| mrl | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS,
# EASTERN DIVISION

| | |
|---|---|
| EVELYN J.D. SZYMANSKI,<br><br>               Plaintiff,<br><br>v.<br><br>COUNTY OF COOK, and COOK<br>COUNTY HOSPITAL,<br><br>               Defendants. | No. 00 C 4737<br><br>The Hon. David H. Coar |

## MEMORANDUM OPINION AND ORDER

Evelyn Szymanski sued the Cook County Hospital and Cook County for race discrimination in her employment. Szymanski's two-count complaint alleged a racially discriminatory policy of allocating overtime work and retaliation for complaining about this policy. The defendants have moved to dismiss the complaint on several grounds. For the reasons stated below, the defendants' motion is GRANTED IN PART and DENIED IN PART.

### Background

The following facts are taken as true on this motion to dismiss. Szymanski is a white female and is a full-time employee of the Cook County Hospital. Compl. ¶ 6. She was originally hired in 1983 as a Nurse Practitioner and assigned to the Adult Screening Clinic. Compl. ¶ 8. In December 1999, Dr. Than Win became the Medical Director of the Adult Screening Clinic. Compl. ¶ 10. According to the complaint, Dr. Win failed and refused to assign overtime work to Szymanski since his appointment as Director of the Adult Screening Clinic and, instead, assigns all such work to Pressie Cancio, an Asian female and full-time employee of the hospital's Gastroenterology Clinic. Compl. ¶ 12.

Szymanski complained of the discriminatory allocation of overtime work and as a result has been subjected to certain retaliatory acts. Szymanski has been segregated from co-workers, forced

to clean rotten food products and rodent excrement form patient education files located in a small storage area for several hours a day. Compl. ¶ 15. Since receiving these retaliatory work assignments, Szymanski has been referred to as a "the Polish cleaning lady." Compl. ¶ 16. According to Szymanski, she has also been isolated from her co-workers and has been subject to surveillance so that hospital personnel can drum up a reason to fire her. Compl. ¶ 19. She has not, however, been fired and remains employed by the hospital.

**Analysis**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests whether the plaintiff has properly stated a claim for which relief may be granted. Pickrel v. City of Springfield, Ill., 45 F.3d 1115 (7th Cir. 1995). The Court accepts as true all of plaintiff's well-pleaded factual allegations, and draws all reasonable inferences in the her favor. Id. Thus, the Court will dismiss a complaint under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Ledford v. Sullivan, 105 F.3d 354, 357 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

**1.     The "Cook County Hospital" is not a suable entity.**

Szymanski named the Cook County Hospital as a defendant in this case. The defendants have moved to dismiss the Hospital arguing that it is not a suable entity. See, e.g., Payne v. Cook County Hospital, 719 F. Supp. 730 (N.D. Ill. 1989). Szymanski has conceded this point. Accordingly, the Cook County Hospital is dismissed as a defendant. This aspect of defendants' motion is GRANTED and the caption is amended to reflect the dismissal of the Cook County Hospital from this case.

2

## 2. Szymanski is not Required to Plead the Dates of Acts About Which She Complains.

According to the defendants, Szymanski's complaint should be dismissed because she has not plead the dates on which the County retaliated against her. The defendants acknowledge that retaliation that occurs after a filing of an EEOC charge can be contained in a Title VII complaint. See Malhorta v. Cotter & Co., 885 F.2d 1305, 1312 (7th Cir. 1989). In support of their motion, however, the defendants contend that any retaliatory activity that took place between Szymanski's original charge and her subsequent charge and that was omitted from the subsequent charge should be dismissed. See, e.g., McKenzie v. Illinois Department, 92 F.3d 473, 483 (7th Cir. 1996). In McKenzie, the plaintiff's federal complaint alleged retaliatory acts that occurred before she filed her charge of discrimination but that weren't included in the original charge. Id. The Plaintiff later amended her charge of discrimination. Again, however, she didn't allege retaliation. Id. The Seventh Circuit dismissed all of the plaintiffs claims for retaliation except those occurring after the latest-filed charge, stating that those earlier retaliatory acts "could have been – and should have been – included in her administrative charge." Id.

Szymanski filed a charge of racial discrimination and retaliation on January 21, 1999. See EEOC Charge # 210A01419. Id. Szymanski filed another charge of racial discrimination and retaliation on June 26, 2000. See EEOC Charge # 210A03629. According to the defendants, however, there are allegations of retaliation in the complaint that precede the latest-filed charge and that should be dismissed.

The problem with the defendants argument is that they have not identified any conduct in the complaint that has occurred in the time period upon which they focus. Instead, the defendants correctly observe that Szymanski has not plead the dates on which certain retaliatory acts occurred and based on this omission, ask this Court to draw inferences against Szymanski. Courts have noted,

3

however, that the "absence of dates in the complaint is not grounds for dismissal." Garcia v. Fry, F. Supp. 1133, 1139 (N.D. Ill. 1997) (citations omitted). Thus, even assuming the defendants are correct in their statement of the law and its application to the facts of this case, the complaint does not reveal that any conduct occurred within that time frame that they have identified. Consequently, the Court expressly reserves decision on this point and DENIES the defendants' motion in this regard until the dates of the retaliatory acts in question have been determined.[1]

### 3. Szymanski Has Plead That the Action Taken Against Her Was Based on Her Race.

The defendants move to dismiss Szymanski's complaint arguing that she has not plead a *prima facie* case of discrimination. To state a *prima facie* case of race discrimination in an employment conditions case, Szymanski must allege that she: (1) is a member of a protected class; (2) performed her job to her employer's satisfaction; (3) was subjected to an adverse employment action despite her performance; and (4) was treated less favorably than other non-white individuals. See, e.g., McDonnell Douglas v. Green, 411 U.S. 792, 802 (1973). The defendants challenge Szymanski's complaint as deficient on the fourth element.[2]

The defendants acknowledge that Szymanski has identified a non-white (Asian-American) Nurse Practitioner who was not treated similarly, but argue that this person is not similarly situated. The defendants argue that Szymanski has not plead that the non-white nurse "share the same job

---

[1] The defendants also challenged the time-frame within which Szymanski could recover based on the time she filed her charge. The parties agree, however, that the acts of discrimination all occurred after the 300-day period provided for in the statute.

[2] The defendants have not challenged the complaint as deficient with respect to the first element of the prima facie case, even though Szymanski is white. The Seventh Circuit has stated that in so-called "reverse discrimination" cases, white (or male) plaintiffs must show other "background circumstances" in lieu of their inability to satisfy the first element. Mills v. Health Care Serv. Corp., 171 F.3d 450, 454 (7th Cir. 1999). While the issue could be dispositive on Count I, it has not been raised by this motion and consequently, the Court does not reach this issue at this time.

title, assignment or are qualified to receive the same overtime that she claims to be in contest." Defs. Mem. in Supp. of Mot. to Dismiss at 9. At this stage of litigation, however, Szymanski is entitled to an inference that the non-white nurse was similarly situated. See, e.g., Conley v. Gibson, 355 U.S. 41, 45-46 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") The defendants have not pointed this Court to any case requiring heightened standard of pleading in this regard.

The defendant's also challenge Count I, arguing that Szymanski has not alleged that race was the basis for the adverse action against her. This is simply false. Szymanski alleges that she has been denied "equal employment opportunity and subjected to disparate treatment with respect to wages, overtime assignments and terms and conditions of employment *on the basis of her race/national origin.*" Compl. ¶ 13 (emphasis added).[3] Szymanski could not have alleged discrimination based on race much more succinctly than she has. The defendants' motion, insofar as it challenges Szymanski's allegations of race discrimination in Count I is DENIED.

### 4.   Plaintiffs Can Recover Emotional Distress Damages in Title VII Cases.

Szymanski seeks, among other things, damages from Cook County for "physical harm, extreme emotional distress, [and] anxiety." Compl. ¶ 21. The defendants moved to dismiss, arguing that the Illinois Worker's Compensation Act bars recovery of such damages. The defendants argument, however, completely ignores the fact that state law cannot trump federal law. See U.S.

---

[3] As noted, Szymanski's complaint states that the basis of discrimination was "race/national origin," Compl. ¶ 13. Szymanski's surname appears to be Polish. Also, she alleged in her EEOC charge that she had been referred to as "the Polish cleaning lady." Notwithstanding these facts, Szymanski did not check the box indicating discrimination on the basis of her ethnicity (presumably Polish) in her EEOC charge. The defendants have not, however, challenged the "national origin" allegation as being beyond the scope of the EEOC charge in this motion. The Court, therefore, does not address this issue at this time.

5

Const. Art. VI, cl. 2 (federal law is the supreme law of the land); see also 42 U.S.C. § 1981a (emotional distress damages are available in a Title VII claim). Apparently recognizing their error, the defendants concede that Szymanski is entitled to pursue claims for emotional distress damages under the damages provision associated with Title VII. See 42 U.S.C. § 1981a. This aspect of the defendants' motion is DENIED.

### 5. Plaintiffs Cannot Recover Punitive Damages from Cook County.

Szymanski seeks punitive damages in her complaint. See Compl. Prayer for Relief. The defendants' motion to dismiss asks this Court to strike Szymanski's punitive damages allegation. See Def. Mot. to Dismiss ¶ 7, arguing that punitive damages are not available against Cook County. The defendants are correct. See, e.g., City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981); Carr v. City of Chicago, 660 F. Supp. 375, 377 (N.D. Ill. 1987). This aspect of the the defendants' motion is GRANTED.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART the defendants' Motion to Dismiss.

Enter:

David H. Coar
United States District Judge

Dated: **DEC 1 4 2000**

6